## POLLOCK et al. *v.* THE PEOPLE.

APPEAL — *in quo warranto proceeding.* Under the act of 1861 concerning proceedings in cases of *quo warranto* (1 Sess. 351), an appeal lies in all cases from the judgment of the district court to this court, upon such terms as the district court shall prescribe.

*The district court* may, in its discretion, allow an appeal without prescribing terms.

*But if terms are prescribed,* they must be such as relate to the subject-matter of the controversy.

APPEAL BOND *without conditions.* To require a bond to be given, without prescribing conditions to the bond, is ineffectual, and the case is to be regarded as an appeal allowed without terms.

In such case failure to execute a bond, as required by the order of the district court, cannot be alleged as ground for dismissing the appeal.

### Appeal from District Court, Arapahoe County.

UPON motion to dismiss the appeals.

This was an information, in the nature of a *quo warranto*, against appellants for having usurped and intruded into the corporate offices of the city of Central. Separate appeals were prayed by the defendants below, and the appeals were allowed upon the defendants giving bonds in

sums that were specified, but nothing was prescribed as to the conditions of such bonds.

Mr. WILLARD TELLER, in support of the motion.

Mr. E. WAKELEY and Mr. C. C. POST, *contra.*

HALLETT, C. J.  The appellees move to dismiss this appeal because it was irregularly taken, not being allowed by law, and, if properly allowed, that appellants have not taken the necessary steps to perfect it.  As to both points, it will be necessary to consider the first clause of the fifth section of the act concerning proceedings in cases of *quo warranto* (Stat. 1861, p. 352) which reads as follows :

" Appeals may be taken from the decision of the district court upon such terms as the said district court shall prescribe."

It is said, that if this clause be read in connection with the forty-first section of the Practice Act (Stat. 1861, p. 285) which provides for appeals where the judgment appealed from amounts to $20, exclusive of costs, or relates to a franchise or freehold, it will be seen that no appeal can be taken from the judgment of the district court respecting the title to an office in a case arising under the act from which the clause is taken, but such appeal can be taken only when the right to a franchise is involved.

Whether these sections ought or ought not to be construed together as acts *in pari materia*, seems to us not material, for, if we so construe them, we fail to deduce from them the conclusion that the clause of section 5, before recited, is restricted to cases respecting the right to a franchise. By section 41 of the practice act, an appeal is given from the judgment of the district court when the same relates to a franchise, and, therefore, there was an appeal in such cases, before the enactment of the act, concerning proceedings in cases of *quo warranto ;* and if the clause, before recited, of section 5 of that act had never been incorporated therein, an appeal might, nevertheless, have been prosecuted from such judgments under the pro-

visions of section 41 of the practice act. We are not at liberty to say that the clause of section 5, which we have given above, serves no purpose; that those are idle words adopted by the legislative assembly without any intention to alter or modify the law as it stood at the time of that enactment. It is presumable that the legislative assembly intended to enlarge the remedy by giving an appeal where none was given before.

Furthermore, this act concerning proceedings in cases of *quo warranto* relates to a special remedy applicable to certain classes of cases, and without any words of limitation, the legislative assembly have said that appeals may be taken from decisions of the district court under the act. The language of the clause giving the appeal is general, and we cannot apply it to one class of cases mentioned in the act and exclude another class of those cases from its operation. This construction appears to have been adopted without objection in the State of Illinois from whence we obtained this statute. It is the practice in that State to prosecute appeals in cases of this kind. *Dickson* v. *The People*, 17 Ill. 191 ; *The People* v. *Ridgley et al.*, 21 id. 65 ; *Donnelly* v. *The People*, 11 id. 552.

As to the steps taken by the appellants to bring this cause into this court, we doubt whether we can consider any irregularity relating thereto. We have seen that the district court was empowered to prescribe the terms upon which the appeal should be taken. Undoubtedly the district court had the power to allow the appeal without the giving of a bond, the payment of costs, or the doing any other act by the appellants usually done in cases of this kind. The district court was authorized to prescribe the terms upon which the appeal should be taken, in other words, to declare whether any and what acts should be performed by the appellants before they should be permitted to bring the record into this court. It cannot be doubted that the terms thus to be prescribed are for the protection of the party who obtains the judgment from which the appeal is prosecuted. The district court cannot prescribe

the doing of some act altogether disconnected from the suit as the condition upon which the appeal shall be allowed, but the terms given must relate to the subject-matter of the controversy. Now, in this case, the appellants prayed an appeal which was allowed upon the giving of bonds by the appellants, but nothing was prescribed by the district court as to the conditions of the bonds so to be given. The appellants were not required to prosecute their appeal effectually and without delay, to pay costs, to abide the judgment of the district court or of this court, or to do any other act before coming into this court. The district court required nothing of them except that they give bonds in certain sums.

Now the giving of bonds without conditions, or with conditions not prescribed by the court, was an ineffectual proceeding, and it is not material whether the appellants did or did not comply with the order of the court. The district court had no power to order the appellants to give bonds subject to no conditions, for, if such bonds would be valid, the appellants could relieve themselves of their obligation only by paying the entire penalties to the people. This cause stands as upon an appeal allowed by the district court without prescribing terms, and, as the act of that court, in allowing the appeal with or without terms, was discretionary, we cannot revise its action.

The motions to dismiss are denied.

*Motions denied.*