The company making this application was organized and became incorporated under the general laws for the formation of railroad corporations in force at the time of its organization, February 3, 1869.
Every corporation formed under those laws was required by the Laws of 1867, chapter 775, section 1, to begin the construction of its road and expend thereon ten per cent, on the amount of its capital, within five years after its articles should be filed and recorded in the office of the Secretary of State, and to finish its road and put it in operation in ten years from the time of such filing of its articles of association, and if it failed to begin the construction and make the expenditure named within the time limited for that purpose, or having made such beginning and expenditure, it failed to finish and put its road in operation within the further time allowed for so doing, then, and in either case, it was declared that "its corporate existence and powers shall cease." The existence of the corporation was determined by the omission to comply with either of the prescribed conditions, and the omission to begin the construction and to expend the ten per cent of the capital within the five years was as fatal as the failure to finish the road within the ten years. The statute is not susceptible of any other reading. *Page 249 
If by non-performance of either of these conditions the company forfeited or lost its corporate rights and powers, the fact may be asserted by any one whose lands or property are sought to be appropriated to the uses of the corporation under the laws authorizing the taking of private property for public use. The legal existence of a corporation authorized to construct a railroad is at the foundation of the right to take property for its use. There must be a living or existing corporation. The petitioner alleges that it "is a corporation duly organized," etc. This is a traversable allegation and proof that it had not performed either of the conditions of its continued existence, negatived the allegation and brought it directly within the act declaring that its existence and power should cease upon that contingency. It needed no action or judicial procedure to declare or complete a forfeiture of the charter and loss of corporate powers. The statute executed itself, and the non-existence of the corporation could be alleged in opposition to this application by the respondents. (Peavey v. Calais R.R. Co., 30 Maine, 498.) It was a fact that petitioner was compelled to allege, and it follows that the respondent could controvert it. It is in proof that the petitioning company has not at this time begun a construction of its road, or made any part of the expenditure required by law to be made within five years, although that period expired in February, 1874. It is claimed, however, that the corporate rights have been saved by several acts of the Legislature. The statutes, Laws of 1869, chapter 718; 1870, chapter 612; 1871, chapter 622; 1872, chapter 705, all passed during the life of the corporation, recognize its existence as a corporation formed under and subject to the general laws of the State, and they modify its articles of association and its chartered rights by authorizing changes and extensions of its route, relieving it from some of the conditions imposed by the general laws prescribing a modified procedure for the appraisal of damages for lands taken for its use, and permitting it to acquire the right to use the track of the other railroad companies already laid upon any part of its route *Page 250 
upon making compensation, to be ascertained in the manner provided by law for ascertaining compensation to be made to owners for lands taken for railroad purposes. Except as modified by these several acts, the corporation was subject to the terms of its articles of association, and to the general laws under which it was organized, and was relieved of none of the conditions or mandates of those laws. The time for the performance of the conditions imposed by the law of 1867 was not extended. On the 25th of May, 1874, after the expiration of the time for the beginning of the work of constructing the road had passed, a law was enacted which revived the corporation and gave it a new existence, by extending the time within which it was required by law to finish its road and put it in operation for three years from and after the passage of the act. (Laws of 1874, chap. 575.) By this statute the condition of finishing and putting the road in operation within three years from that time was substituted for the conditions of the act of 1867, but the company was not relieved from the penalty of non-compliance with the condition as declared by the latter act. Neither condition of the law of 1867 having been performed, and the company being in default as to one, the Legislature combined the two, and declare that the time for beginning as well as finishing the road was extended for three years from the date of the act. The three years expired May 26, 1877. This application was made by petition, verified July 19, 1877, and as the company had not at that time either begun or finished its road, its corporate existence and powers had ceased.
Reliance is placed upon an act passed in the following year for a further extension of time for constructing the road. (Laws of 1875, chap. 598.) That statute is general, and applicable to all railroad companies within its provision, and was not enacted for the benefit or relief of the appellant company by name, as were the other acts quoted.
But this company does not come within the class of companies for which that law was enacted, or within the terms *Page 251 
of the act. It was not in default. It had yet two full years within which to complete its road, and the law of 1875 was framed for the relief of roads which were then in default. It provides that any existing railroad company theretofore organized, etc., which may have been unable from any cause to construct its road within the time specified in its charter or articles of association, shall have the time for the completion of its railroad extended for a further term of two years beyond the time theretofore limited, and that a failure to construct its railroad theretofore shall not cause a forfeiture of its corporate powers.
The failure of the appellant company to begin the construction of its road within five years, and the consequent loss of the corporate powers, was condoned by the grant and acceptance of a new and extended term within which to complete the road for three years from February, 1874, and it was not, and never had been in default, for not completing and putting in operation its road. It was not in need of the relief extended by the act of 1875, and was neither within the letter or spirit of the act or the intent of the Legislature. It was then in life by virtue of a special act made and accepted for its relief, and had the two years by the private act, which was granted to other roads not thus favored by the law of 1875, and cannot have the benefit of a general law passed for roads differently circumstanced, and for purposes inapplicable to its condition.
The order must be affirmed.
All concurred, except MILLER, J., absent, and EARL, J., not voting.
Order affirmed. *Page 252