LONDONER V. PEOPLE EX REL. BARTON.

APPEAL — FROM JUDGMENT OF OUSTER.— Under Code 1887, section 388, providing that appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the judgment appealed from be final, and shall amount, exclusive of costs, to $100, or relate to a franchise or freehold, no appeal lies from a judgment of ouster entered by a district court in an action for the usurpation of a public office. The right of appeal is a legislative right, and he who relies upon the right must be able to show some positive authority therefor.

*Upon Motion to Dismiss Appeal.*

Messrs. LUCIUS P. MARSH and L. C. ROCKWELL, for appellant.

Messrs. PENCE & PENCE, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

This is an action for the usurpation of the office of mayor of the city of Denver. In the district court a judgment of ouster was entered against appellant, from which this appeal is prosecuted. The right to this appeal is claimed upon the following provision of the Civil Code:

"Appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of $100, or relate to a franchise or freehold," etc. Sec. 388, Code 1887.

It is well settled that he who relies upon the right of appeal must be able to show some positive legislative authorization for such right. In the case at bar no money judgment was entered in the court below, from which an appeal could be taken; the sole claim being that the judgment relates to a franchise, and is therefore appealable. It seems clear, however, that the judgment appealed from relates to a public office and not to a franchise.

The difference between a franchise and a public office is plainly recognized by the code in several instances. Thus the title to chapter 27 is "Of actions for the usurpation of an office or franchise;" and the distinction between the two is plainly maintained throughout the body of the act. A franchise with us has been defined as a particular privilege conferred upon individuals by grant from the government. 3 Kent, Comm. 458. Franchises are usually conferred upon corporations for the purpose of enabling them to do certain things. The franchises are vested in the corporate entity,

rather than in the officers. As the judgment in this case relates to a public office, and not to a franchise, the right of appeal finds no support in the statute.

An examination of the opinion of the court, as delivered by Chief Justice Hallett in the case of *Pollock v. People*, 1 Colo. 83, cited by counsel, will show the same to be in support of the conclusion we have reached in this case. In that case there were two statutes relating to appeals,— the general statute providing for appeals where the judgment appealed from amounted to $20, exclusive of costs, or related to a franchise or freehold, and a special statute providing for appeals in cases of *quo warranto*, which reads as follows:

"Appeals may be taken from the decision of the district court upon such terms as the said district court shall prescribe."

The judgment from which the appeal was taken in that case was entered upon an information in the nature of a *quo warranto* filed against appellants, charging them with having usurped and intruded into the corporate offices of the city of Central. It was not even claimed by counsel that an appeal would lie under the general provision allowing appeals from decisions relating to a franchise, but it was contended that the two provisions relating to appeals should be construed together, and the special act limited by the word "franchise" used in the general act; and, as the judgment did not relate to a franchise, it was claimed that the right to an appeal did not exist. The court decided against this claim, holding that the special statute enlarged the right to appeal in cases of *quo warranto*. From the language of the opinion, we think it evident that, had the right to appeal rested upon the provision in reference to appeals from judgments relating to a franchise, the appeal would not have been sustained.

Since the decision in the case of *Pollock v. People*, the special act providing for appeals has been repealed. There is no judgment for damages in this case; and, as the judg-

ment of the district court relates to a public office and not to a franchise, an appeal from such judgment will not lie under the general act.   The appeal is accordingly dismissed.

*Appeal dismissed.*