PEOPLE EX REL. JONES, PLAINTIFF IN ERROR, v. CARVER, DEFENDANT IN ERROR.

1. JURISDICTION—SUPREME COURT.

Since the passage of the act creating the court of appeals, the supreme court is without jurisdiction by writ of error or by appeal to review a judgment of a district court in an action for the usurpation of a public office.

*Error to the District Court of Douglas County.*

ACTION in the district court for the usurpation of the office of road overseer. Trial and judgment in favor of defendant dismissing the action. Relator sues out writ of error from this court to review the judgment.

The following section of the act creating the court of appeals is referred to in the opinion:

"Section 1. No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or, in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided*, This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case. *Provided, further*, That the foregoing limitation shall not apply to writs of error to county courts." Session Laws 1891, p. 118.

Mr. WILLIAM DILLON, for plaintiff in error.

Mr. GEORGE C. NORRIS and Mr. W. H. DAVIS, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The writ of error was improperly sued out in this cause. The judgment of the district court was in substance that relator's action be dismissed, and that defendant go hence and recover his costs, etc. It was not a money judgment in any amount exclusive of costs, nor was it a judgment in replevin, nor did the matter in controversy relate to a franchise or a freehold. It is not indicated by the pleadings, by the assignments of error, nor otherwise, that the construction of any provision of the constitution of the State or of the United States is necessary to the determination of the case, nor is it the judgment of a county court that is sought to be reviewed. Session Laws 1891, p. 118.

In *Londoner v. The People ex rel. Barton*, 15 Colo. 246, this court, construing similar language in section 388 of the Code, held that there is a distinction between a franchise and a public office, and that no appeal lies to this court from a judgment of *ouster* rendered by a district court in an action for the usurpation of a public office. It is true, the *Londoner-Barton Case* was afterwards reviewed by this court upon *writ of error*. See 15 Colo. 557. But that was before the jurisdiction of this court by writ of error, as well as by appeal, was restricted by the act creating the court of appeals. *People v. Richmond et al.*, 16 Colo. 274.

Under the statute and the decisions above cited, it is clear that this court is without jurisdiction by writ of error or appeal to review this cause. The writ is accordingly dismissed without prejudice.

*Dismissed.*