### DUSENBERRY v. NEW YORK, W. & C. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. December 5, 1899.)

1. STREET RAILROADS—CONDITIONAL FRANCHISE—CONSTRUCTION—LIMITATION.
Under Railroad Law, § 99, requiring street railroads to complete their roads within three years after obtaining consent of property owners to build the same; and section 93, providing that the local authorities may cause their consent to depend on conditions respecting security or deposit

suitable to secure construction, completion, and operation within any time not exceeding three years,—the construction and operation of a street railroad, not completed within a time fixed less than three years, may be enjoined, when the consent of a town's commissioner of highways to such construction was given on condition that the road should be completed and in running order within such time, such condition being in accord with, and not against, the interest of the local community and public policy.

2. SAME—INJUNCTION.

While legal proceedings are necessary to declare a forfeiture of a street railway's franchise for failure to comply with a condition that, if the road shall not be completed and in running order within a fixed time, the franchise shall cease and determine, yet, where no excuse is shown for failure to carry out the condition, the construction and operation will be temporarily enjoined, pending an action to permanently enjoin for failure to carry out said conditions.

3. SAME—CONSENT OF PROPERTY OWNERS—BURDEN OF PROOF.

Where, in an action to enjoin the construction of a street railroad, the plaintiff filed affidavits specifying in detail wherein the defendant had failed to obtain the consent of the owners of two-thirds in value of the property bounded upon the street where the road was being constructed, required by its franchise, the burden was on defendant to produce, and clearly establish, proof of such consent.

Appeal from special term, Westchester county.

Action by Mary M. Dusenberry against the New York, Westchester & Connecticut Traction Company. From an order denying plaintiff's motion to continue a temporary injunction, she appeals. Reversed, and injunction continued.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alexander Cameron, for appellant.
James C. Church, for respondent.

HATCH, J.   This is a motion upon the return of an order to show cause why a temporary injunction granted herein, restraining the defendant from constructing or operating its railroad on any street or avenue in the town of Eastchester, in the county of Westchester, should not be continued.   The motion to continue the temporary injunction is rested upon two grounds:   First. That the consent given by the commissioner of highways of the town of Eastchester to the predecessor of the defendant to construct, maintain, and operate its railroad was subject to a condition that such road, its branches and extensions, should be completed and in running order by the 1st day of January, 1897, else the franchise based upon such consent should cease and determine.   It is claimed that this condition was not complied with, and in consequence the predecessor of the defendant forfeited its right to construct the road, and that the defendant has acquired no other or different right than it possessed, and is therefore without authority in law to construct its road.   Second. That, even though it possesses such authority, yet it has failed to obtain the consents of the owners of two-thirds in value of the property bounded upon the street where it is presently engaged in constructing its road.   If either or both of these contentions are well founded, then it follows that the plaintiff established a case entitling her to have the temporary injunction continued.

The consent of the commissioner of highways of the town of Eastchester was given on the 12th day of May, 1896, and was accepted by the North Mt. Vernon Railway Company, the predecessor of the defendant, on the 27th day of the same month. It was provided in the twelfth clause of such consent as follows: "That if such branches or extensions of said road are not completed and in running order by the first day of January, eighteen hundred and ninety-seven, then this franchise shall be forfeited, and the rights and privileges granted by it shall cease and determine, without any action or proceeding, in law or otherwise." By the thirteenth clause of the consent, it was provided that such franchise should become binding upon the town of Eastchester upon the acceptance by said company within 30 days of the obligations and conditions thereof, and that upon such acceptance the franchise granted thereby should constitute the contract, and be the measure of the rights and liabilities of the town and of the company, its successors and assigns. It is conceded in the record that compliance with the conditions of this franchise was not made by the North Mt. Vernon Railway Company nor by the defendant. If, therefore, this condition be such as the highway commissioner of the town had the right to impose, and if compliance therewith has not been waived, and if there exist no facts upon which noncompliance by the railroad company can be excused, then it follows that this defendant has no right in the street, and no franchise to construct and operate its railroad thereon. So far as is disclosed by the papers in opposition to this motion, no excuse whatever is made, or attempted to be made, for the noncompliance with the condition thus imposed, as matter of fact. The defendant rests its claim solely upon the ground that the condition imposed is void, and it must stand or fall, so far as the present right to an injunction is concerned, upon its ability to maintain this proposition.

The determination below in favor of the defendant proceeded upon the ground that the consent vested in the defendant an absolute franchise, which, having been once vested, could not be devested by a condition subsequent, and that a breach of such condition did not work a forfeiture of the franchise. This holding proceeded upon the general doctrine that the breach of a condition subsequent, which is malum prohibitum only, does not defeat the vesting of an estate, as it is in its nature repugnant to the estate which has been granted; and this doctrine is undoubtedly the law, as stated by the learned court below. It does not follow, however, as is recognized by the learned court, that executory conditions which the party has the right to impose upon the right or estate which it grants may not be enforced, or but that, upon failure to perform such condition, the grantee becomes devested of the estate which he has received. The court held, however, that the condition which we have heretofore quoted was not within the power of the highway commissioner of the town to impose, that for that reason the condition was void, and the consent vested in the railroad company an absolute franchise. This ruling proceeds upon the ground that, by virtue of the provisions of sections 93 and 99 of the rail-

road law, the railroad is to be constructed within three years after the consents therefor have been granted, and the conclusion is reached that the statute itself furnishes the only limitation as to time of construction which may be lawfully imposed. Section 93 of the railroad law provides: "The local authorities may, in their discretion, make their consent to depend upon any further conditions respecting other or further security, or deposit, suitable to secure the construction, completion and operation of the railroad within any time not exceeding the period prescribed in this article," etc. We understand the rule to be that where the legislature, in the exercise of its sovereign power, has regulated the subject-matter, it is not competent for other persons charged with the duty of giving consent to the performance of a particular act to impose other or different conditions, as such conditions will be deemed opposed to a sound public policy. Beekman v. Third Ave. R. Co., 153 N. Y. 144, 47 N. E. 277.

The question which confronts us is whether the legislature, in the exercise of its authority, has imposed an absolute rule of limitation as to the time within which a railroad shall be constructed after it has obtained the consent of the proper authorities for its construction, or whether the persons or body authorized to give the consent may impose a condition that it shall be constructed within a shorter time. It is to be observed, in construing this statute, that by its terms a forfeiture may be worked unless the railroad constructs within the period limited thereby. There is nothing in the statute which places any limitation whatever on the time when the construction must be made. Its provision is that unless within the given period it does construct such failure may work a forfeiture. If the persons or body possessed of the power to give consent may not impose any condition, then such persons or body are limited in authority to grant or deny. But such is evidently not the purpose of the statute; for therein is reserved the right to secure the construction, completion, and operation of the railroad within any time not exceeding the period prescribed by the statute, and also upon such further conditions as will be for the public interest. It would seem as if, by the very language of the statute, a condition might be imposed by the persons or body giving the consent in respect to the particular matter of construction, the only limitation thereon being that they would not be authorized to extend the time beyond three years, the period prescribed by the statute; and such seems to be the clear reading of section 93 of the railroad law. If, however, we limit the authority granted by the statute to impose the condition to such as may be for the public interest, which is clearly conferred, then we come to the consideration of whether the imposition of a condition that the railroad shall be constructed within a shorter period than that provided by the statute is against public policy. So far from being in contravention of the public policy of the state, we think it may clearly be upheld thereunder. The evident purpose of the statute, which provides that a forfeiture may be worked if the construction be not made in three years, was, among other things, to prevent speculation in franchises by corporations

which had no intention of constructing the road when the grant was obtained, but held the same for the purpose of sale to those desiring to construct. In practice, this has prevented the construction of a road which the welfare of the public required; corporations desiring to construct have been denied the right by reason of such obstacle; the community has been deprived of the benefits which it expected would accrue from the grant; and the basis of benefit to the public upon which the grant rests, and which furnishes the only basis upon which it may be supported, is entirely defeated. The common history connected with the acquirement of franchises from public bodies furnishes abundant authority in support of this statement. It is not difficult to see that conditions may exist where the public demand for the construction of a railroad is urgent, and where the necessities of the community require that it be immediately done. The public have the right to demand that, as they give a franchise valuable in character, their needs and necessities shall be accommodated as soon as reasonable diligence will permit. In many cases several corporations are suppliants for a franchise; and it would be singular, indeed, if a community might not impose a condition by which its welfare would be promoted, if it could find among those suing for the franchise one that would construct with more dispatch than the statute required to prevent the working of a forfeiture. The controlling motive for the granting of a consent might be the speedy construction of the road, and to hold that a community might not impose such a condition would be to deny it the right to contract for the public interest. To claim that such a condition is against the interest of the community, and therefore void, as against public policy, is to ignore the facts, and vest in the railroad company power to defeat the very object which the interest of the community requires for its good.

It is to be borne in mind that no railroad company is required to take any franchise. No compulsory process can be issued which compels it to construct a railroad, unless it voluntarily assumes such obligation. It does not commend itself to good morals to permit a corporation to accept a franchise with a full understanding of its terms, and which it has been the moving party in obtaining, and then permit it to violate the condition upon which it was granted, deprive a community of that which it had the right to expect, inconvenience the public, and then say that the condition imposed was void, as being against public policy. As we view the statute, and the purpose which it sought to accomplish, we think that its proper construction is to confer upon the persons or body authorized to give the consent the authority to impose a condition requiring it to construct its railroad within a less period than the limit prescribed by the statute; and as the railroad is in no sense misled, and is the moving power in securing the consent, it does not lie in its mouth to say that the condition which it voluntarily assumed is void and unenforceable. We have recently had occasion to examine this question in principle, and have reached a conclusion in consonance with the views above expressed. Gaedeke v. Railroad Co., 43 App. Div. 514, 60 N. Y. Supp. 598. In adopting such view, we but followed

the case of People v. Barnard, 110 N. Y. 548, 18 N. E. 354, where the court of appeals announced this doctrine in the following language: "Under this act, and under the constitutional provisions applicable to the construction of street railways, the municipal authorities have the absolute power to grant or withhold their consent to the construction of street railways; and they may impose any conditions, however onerous and difficult to perform, which seem to them, in the exercise of their discretion, to be proper, as the terms upon which their consent will be given." And, further: "If it should turn out that it could not comply with the terms of the grant in the respect mentioned, the result would simply be that it would be exposed to the forfeiture of its franchises and rights." The court below based its decision upon In re Kings Co. El. R. Co., 105 N. Y. 97, 13 N. E. 18, and the learned counsel for the respondent urges this case upon our attention on this appeal as authority conclusive in his favor. We think the cases are clearly distinguishable. In that case the statute vested in the commissioners appointed under the act authority to determine the necessity of the proposed railroad, to locate the same, and to impose a limitation as to the time in which the road should be constructed. The common council of the city, in granting its consent, undertook to impose other and different conditions, and the court held that these conditions, under the scheme of the statute, were unauthorized, and consequently void. The court, however, held that, as to the failure to construct those branches of the road within the time prescribed by the commissioners, it forfeited the franchise which the company obtained; that as to other routes, to which no time limit was fixed by the commissioners, there was no forfeiture of any rights; and, as the proceeding in obtaining consents of property owners was delayed by litigation, it furnished an excuse which prevented the working of a forfeiture as to other branches not constructed within the limitation of time. We find nothing therein that at all militates against the construction which we have placed upon this statute. As we have seen, the time limit of the statute within which the road must be constructed is to prevent the working of a forfeiture, and, by virtue of the authority vested in the persons or body authorized to give the consent, conditions may be imposed to secure construction within any time not exceeding the period prescribed by the statute; and, as all conditions in furtherance of the public interest may be imposed, an entirely different scheme is presented from that which was under consideration by the court in the case last cited.

While the language of the twelfth clause of the consent is broad enough in terms, ipso facto, to work a forfeiture without any legal proceeding, yet we apprehend that such force and effect should not be given to it. It may very well be that conditions have existed which furnished a legal excuse to the railroad company for not complying therewith. It was competent for the commissioner giving the consent to waive exact compliance with its terms. It is possible that the persons seeking to take advantage of the forfeiture should themselves be estopped from insisting upon it, and, as the defendant may make a case which will relieve it from the condition thus

imposed, legal proceedings are ·necessary to declare the existence of the forfeiture. In re Kings Co. El. R. Co., 105 N. Y. 120, 13 N..E. 18. But as the papers in opposition to this motion show no excuse, and as prima facie, under the operation of the terms of the condition, the defendant has no right in the street, it follows that a case was made which entitled the plaintiff to have the temporary injunction continued pending the action.

We are also of the opinion that the defendant has not met the affidavits of the plaintiff, which specify in detail wherein the defendant has failed to obtain the consent of the owners of two-thirds in value of the property bounded upon the street where it is engaged in constructing its road. The defendant was charged with the duty of obtaining these consents, and it must be presumed to be possessed of knowledge and of the consents which gave it the right to construct the railroad in this street. As it had no right or authority to construct until it obtained such consents, when challenged as to its right in this respect it imposes no harsh rule to compel it to produce and clearly establish such authority. The affidavits of the defendant in this respect do not fairly meet the case made by the plaintiff. Its answer is mainly in the nature of an argument based upon its right to have certain public property credited to it in the valuation, the confusion existing in the assessment roll, and an attack upon the plaintiff's figures from which her conclusion is derived. Giving full force to all that has been said, we are unable to determine from the papers whether the defendant has the consent of the requisite number of property owners upon this street authorizing it to construct its road; and, in view of the direct statement contained in the plaintiff's affidavit, we think it was incumbent upon the defendant to make clear proof of its authority in the premises. In view of the fact that the road has been constructed beyond the premises of the plaintiff, we should have been inclined to the view that all of her rights would have been protected from further injury by restraining the defendant in the operation of its road; but taking into consideration the condition, and its effect, as we have already discussed, we think a case was made where the plaintiff was entitled to the continuance of the injunction pending the trial of the action. It follows that the order should be reversed, and the temporary injunction be continued during the pendency of the action.

Order reversed, with $10 costs and disbursements, and injunction continued, with $10 costs to abide the event. All concur.