VILLAGE OF BRONXVILLE v. NEW YORK, W. & C. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

APPEAL AND ERROR—LEAVE TO APPEAL TO THE COURT OF APPEALS.

Where a case was decided by the appellate division on an issue of fact arising on a failure of proof, leave will not be granted to appeal to the court of appeals in order that an important question of law involved may be determined, since such appeal, if authorized, could not be considered by the court of appeals.

Appeal from special term, Dutchess county.

Action by the village of Bronxville against the New York, Westchester & Connecticut Traction Company. From an order continuing a temporary injunction, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James C. Church, for appellant.

Alfred E. Smith, for respondent.

PER CURIAM. We very much doubt if the practice which obtained in this case can be upheld. Certainly it is not to be commended. But, in view of the conclusion which we have reached in Dusenberry against this defendant (61 N. Y. Supp. 420), it appears

that the plaintiff is entitled to the continuance of the injunction dur-
ing the pendency of the action. We conclude, therefore, that, as the
determination was right, the order should be affirmed, but without
costs.

### On Rehearing and Motion for Leave to Appeal to the Court of Appeals.

PER CURIAM. It would be very desirable to have the question of
the legality of the condition imposed by the highway authorities de-
cided by the court of last resort, and we would certify the case to
that court, were it not that our disposition of the appeal also pro-
ceeded on a matter of fact, to wit, the failure to prove that the re-
quired consents were obtained of the property owners. This ques-
tion of fact, of course, the court of appeals cannot pass upon, and,
as it leads to the upholding of our order, the appeal to the court of
appeals would not be entertained. If we are correct in our con-
clusion that this is a condition which the town authorities can im-
pose, we are of opinion that it must necessarily follow that it is a con-
dition that they can enforce. The question does not go to the cor-
porate life of the defendant, which the state alone can challenge,
but only to its franchise to build its road in this street.

Application denied.