TARRYTOWN, W. P. & M. RY. CO. v. NEW YORK, W. & C. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. January 30, 1900.)

INJUNCTION—STREET RAILROADS—CONSENT.
>   Where, in a suit to restrain interference with the construction of a street railroad, when the possession by plaintiff of the necessary consents of property owners to the construction was alleged, but controverted by general denial, but plaintiff produced consents in court, the legality of which were unquestioned by defendant on the argument, it authorized an injunction, the question of the consent being the only issue.

Appeal from special term, Westchester county.

Action by the Tarrytown, White Plains & Mamaroneck Railway Company against the New York, Westchester & Connecticut Traction Company. From an order continuing a preliminary injunction, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

James C. Church, for appellant.
Eugene Treadwell, for respondent.

HIRSCHBERG, J.   The defendant appeals from an order continuing a preliminary injunction restraining, until final judgment, interference with the plaintiff's work of railroad construction in the town of Scarsdale, Westchester county.   We recently reversed an order of precisely similar character, but relating to the town of Eastchester, in the county named, and which order was granted in an action between the parties to this appeal.   The reversal was on the authority of prior decisions of this court in the cases, respectively, of Mary M. Dusenberry and of the village of Bronxville against this defendant (61 N. Y. Supp. 420, 719), wherein it was held that the duty rests on the company seeking affirmative relief to show that it has the necessary consents of property owners to constitute a valid franchise for the construction of its railroad in the street.   It was further held that this burden must be borne by the moving party in an action between rival companies, notwithstanding the papers may show that the opposing company has no lawful right in the street.   In that case (action No. 1 between the parties to this appeal), while the possession by the plaintiff of consents from abutting property owners as required by statute was alleged in the complaint, the fact was controverted by affidavit at the special term to an extent which compelled the conclusion that the plaintiff had wholly failed to sustain the required burden.   In this case, however, there was no denial of the possession by the plaintiff of the required consents, excepting the general denial contained in the answer, while upon the argument of the appeal the consents were produced in court, and their legality and sufficiency passed substantially unchallenged by counsel.   Under the circumstances, we are justified in assuming that the plaintiff has the consents required by law, and, as there is no other consideration presented requiring comment, the order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.